# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PARTNERS 3190, LLC;** | : | No. 3:18cv1475 |
| **WASHINGTON JP** | : | |
| **CONSTRUCTION LLC; and** | : | (Judge Munley) |
| **3383 HOLDING, LLC,** | : | |
| Plaintiffs/Respondents | : | |
| | : | |
| v. | : | |
| | : | |
| **SIGNATURE BUILDING** | : | |
| **SYSTEMS, INC.,** | : | |
| Defendant/Petitioner | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant/Petitioner Signature Building Systems, Inc.'s motion to dismiss or to remand to the Court of Common Pleas of Lackawanna County. The parties have briefed their respective positions, and the matter is ripe for disposition.

## Background

This matter involves the agreement of Defendant/Petitioner Signature Building Systems, Inc. (hereinafter "Signature") to provide twenty-one modular units to Plaintiffs/Respondents Partners 3190, LLC, Washington JP Construction LLC and 3383 Holding, LLC (hereinafter "Partners"). The units were for use in a project located in Jamaica Plain, MA. (Doc. 1-1, Signature's Petition To Vacate a ¶ 1). Signature provided a warranty with regard to the units and any warranty

dispute was to be resolved by PFS, a third-party engineering inspector. (Id. ¶ 2). Partners determined that the sprinkler systems of the units were defective. (Id. ¶ 3). Thus, Partners rejected all the units. (Id. ¶ 3).

Partners demanded arbitration of the issue of the defective units through the American Arbitration Association. Signature challenged the arbitration process and argued that the proper manner to proceed was through the third-party engineering inspector. (Id. ¶ 12). Ultimately, the arbitrator awarded $330,509.38 to the Partners and provided for the repair or replacement of the sprinkler systems at issue. (Id. ¶ 11).

Signature then filed a petition to vacate the arbitration award in the Lackawanna County Court of Common Pleas. (Doc. 1-1). In response, the Partners filed a Notice of Removal to this court on July 25, 2018. (Doc. 1). On July 30, 2018, the Partners filed a "Cross Petition To Confirm Arbitration Award". (Doc. 4). Signature then filed a "Motion To Dismiss or To Remand to the Court of Common Pleas of Lackawanna County". The parties have briefed their respective positions regarding this motion, bringing the case to its present posture.

**Standard of review**

Generally, a defendant may remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the

matter. 28 U.S.C. § 1441. An improperly removed case may be remanded back to state court. See 28 U.S.C. § 1447(c). The removing party, here Partners, bears the heavy burden of demonstrating that at all stages of litigation, the case is properly before the federal court. Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." Id.

**Discussion**

As noted above, Partners removed this case from the Lackawanna County Court of Common Pleas to this court. Signature now moves to remand the case, and raises two issues in its motion. First, it argues that a plaintiff, such as Partners, may not remove an action, only the defendant may. Second, it argues that no federal question exists and the amount in controversy does not meet the jurisdictional threshold; therefore, we should remand this action. We will address these issues in turn.

**I. Removal by plaintiffs**

The Partners, the plaintiffs/respondents, have removed this action from the Lackawanna County Court of Common Pleas to this court. With regard to removal, the law provides:
> [A]ny civil action brought in a State court of which the
> district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants to the district court of the United States for the

3

>district and division embracing the place where such
>action is pending.

28 U.S.C. § 1441(a).

Signature first argues that the law provides for removal by defendants. Here, the plaintiffs, not the defendant, filed the notice of removal. Hence, removal is improper and the matter should be remanded to state court. We disagree.

The analysis of which party may remove a case goes beyond a simple review of the caption to discern who is the plaintiff and who is the defendant. The determination of who is the plaintiff and who is the defendant for removal purposes is determined by federal as opposed to state law. Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954). Thus, even though in state court a party may be named the plaintiff, that does not mean that they are the plaintiff for purposes of federal removal.

The relevant test federal courts use to determine if a party may remove a case is called the "functional test". "[U]nder the 'functional test,' the court realigns the parties in their proper perspectives regardless of their denominations in the pleadings." OPNAD Fund, Inc. v. Watson, 863 F. Supp. 328, 332 (S.D. Miss. 1994). In other words, we must look beyond the position of the parties in the caption of the case and examine their relation to the issues and rearrange

4

them as necessary to determine who is actually prosecuting the case and who is defending it.

In the instant case, Partners, the named plaintiffs, initiated the whole matter by demanding arbitration under their contract with Signature. Thus, in that proceeding they were in the position of the party prosecuting the action, or the "plaintiff". The arbitration ended in plaintiffs' favor. The matter would have ended there if not for the next step – which was taken by the named defendant, Signature. Signature, for the first time, brought the action to the court system by filing a petition for review. Partners then filed a notice of removal to this court.

At this point, it appears that Signature was the "plaintiff" for removal purposes. If it had not appealed the arbitration decision, the instant matter would not have been instituted and continuing in court at all. See, e.g., Mason City &Ft. D.R. Co. v. Boynton, 204 U.S. 570 (1907) (finding, for purposes of removal, the plaintiff is the party upon whose will the institution and continuance of the proceedings depend even if a state statute made the other party the "plaintiff"); Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580 (1954) (noting that the party that brought an administrative appeal into the court system is the "plaintiff" for purposes of removal regardless of how state law deems them). As Signature is functionally the "plaintiff" then Partners are functionally the "defendants" for purposes of removal.

5

Because Partners filed the notice of removal, and they are the functional equivalent of the defendants for purposes of removal, then no defect exists in the removal procedure. We thus find no merit to the Signature's first argument.

## II. No federal jurisdiction

Signature next argues that the petition to vacate only raises state law claims and the amount in controversy does not meet the jurisdictional threshold. Therefore, we should remand the case to state court. We disagree.

The law provides that a case may be removed to federal district court if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Thus, a case can be removed if it involves a federal question or diversity of citizenship.

Here, Partners assert this court's diversity jurisdiction. Diversity jurisdiction is appropriate where the parties are citizens of different states and the amount in controversy is in excess of $75,000.00. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]").

The instant notice of removal reveals that the parties are citizens of different states. (Doc. 1, Notice of Removal, ¶¶ 2-5).[1]  Signature argues, however, that the $75,000 amount in controversy has not been met.  The petition, which Partners seek to remove, solely asks that the arbitration award be vacated.  Evidently, Signature argues that because the only relief sought is the vacation of the arbitration award, no amount of money is in controversy.  We are not convinced.

Various circuit courts of appeals have different ways to measure the amount in controversy for a petition to vacate an arbitration award.  For example, the Ninth Circuit has looked to the amount of the arbitrator's award.  Luong v. Circuit City Stores, Inc., 356 F.3d 1188 (9th Cir. 2004), withdrawn without addressing the amount in controversy, 368 F.3d 1113 (9th Cir. 2004).  Another way to determine the amount in controversy is to examine the amount to the original demand in arbitration.  Sirotsky v. NYSE, 347 F.3d 985, 989 (7th Cir. 2003).  A third approach examines the record to determine if the petition seeks remand of the matter to the arbitrator, and if it does then the amount in

---

[1] Plaintiff Partners 3190 LLC is a citizen of Massachusetts, Plaintiff Washington JP Construction, LLC is a citizen of Massachusetts and Plaintiff 3383 Holding LLC is also a citizen of Massachusetts. (Doc. 1, Notice of Removal, ¶¶ 3-5). Defendant Signature is a citizen of Pennsylvania.  (Id. ¶ 2).

controversy is determined by the amount sought in underlying arbitration. Karsner v. Lothian, 532 F.3d 876, 882 (D.C. Cir. 2008).

Our research has not found any Third Circuit cases dealing with the issue. It appears that it is reasonable to take the approach that the amount in controversy is the amount of the award which Signature seeks to vacate.[2] Here, the amount awarded which Signature seeks vacated is $330,509.38. (Doc. 1, Notice of Removal ¶ 1). Thus, the amount in controversy is more than $75,000.

The parties are from different states and the amount in controversy exceeds $75,000, thus we have jurisdiction under the diversity jurisdiction statute. We find no merit to Defendant/Petitioner's argument to the contrary.

**Conclusion**

For the reasons set forth above, we find that it was proper for the plaintiffs/respondents to remove this action, and that the requirements of diversity jurisdiction are met in the instant case. Accordingly, the defendant/petitioner's motion to dismiss/for remand will be denied. An appropriate order follows.

**Date: January 22, 2019**          s/ James M. Munley
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**

---

[2] The amount that Partners originally sought through arbitration is not clear. No party has argued, however, that is was less than $75,000. Regardless, we find that it is proper to examine the amount actually awarded.

8