# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARTNERS 3190, LLC; | : | No. 3:18cv1475 |
| WASHINGTON JP | : | |
| CONSTRUCTION LLC; and | : | (Judge Munley) |
| 3383 HOLDING, LLC, | : | |
| Plaintiffs/Respondents: | | |
| | : | |
| v. | : | |
| | : | |
| SIGNATURE BUILDING | : | |
| SYSTEMS, INC., | : | |
| Defendant/Petitioner | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the Defendant/Petitioner Signature

Building Systems, Inc.'s petition to vacate arbitration award, as well as

Plaintiffs/Respondents' cross petitioner to affirm the arbitration award.  The

parties have briefed their respective positions, and the matter is ripe for decision.

## Background

This matter involves the agreement of Defendant/Petitioner Signature

Building Systems, Inc. (hereinafter "Signature") to provide twenty-one modular

units to Plaintiffs/Respondents Partners 3190, LLC, Washington JP Construction

LLC and 3383 Holding, LLC (hereinafter "Partners").  The units were for use in a

project located in Jamaica Plain, MA.  (Doc. 1-1, Signature's Petition To Vacate a

¶ 1).  Signature provided a warranty with regard to the units.  Signature asserts

that any warranty dispute was to be resolved by PFS, a third-party engineering inspector.  (Id. ¶ 2).  Partners determined that the sprinkler systems of the units were defective.  (Id. ¶ 3).  Thus, Partners rejected all the units.  (Id.)

Partners demanded arbitration of the issue of the defective units through the American Arbitration Association.  Signature challenged the arbitration process and argued that the proper manner to proceed was through the third-party engineering inspector, PFS.  (Id. ¶ 12).  Ultimately, the arbitrator awarded $330,509.38 to the Partners and provided for the repair or replacement of the sprinkler systems at issue.  (Id. ¶ 11).

Signature then filed a petition to vacate the arbitration award in the Lackawanna County Court of Common Pleas.  (Doc. 1-1).  In response, the Partners filed a Notice of Removal to this court on July 25, 2018.  (Doc. 1).   On July 30, 2018, the Partners filed a "Cross Petition To Confirm Arbitration Award". (Doc. 4).  Signature then filed a "Motion To Dismiss or To Remand to the Court of Common Pleas of Lackawanna County", which we denied on January 22, 2019. (Doc. 10).  The Partners then filed a brief in opposition of Signature's petition to vacate the arbitration award and in support of its own petition to confirm the arbitration award, brining the case to its present posture.

**Jurisdiction**

This court has jurisdiction because the parties are citizens of different states, and the amount in controversy is greater than $75,000.  See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]").

**Standard of review**

We have limited and deferential review authority regarding arbitration awards.  The Third Circuit Court of Appeals has explained that:  "There is a strong presumption under the Federal Arbitration Act in favor of enforcing arbitration awards.  As such, an award is presumed valid unless it is affirmatively shown to be otherwise . . ." Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 241 (3d Cir. 2005) (internal citations omitted).

We may vacate an arbitration award in the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

**Discussion**

Signature's position is that the agreement contains the following provision: "any dispute regarding the warranty shall be resolved by [third-party engineering inspector] PFS . . ." (Doc. 4-1, Agreement ¶ 16). Instead of submitting the dispute to PFS, however, Partners took the matter to the American Arbitration Association (hereinafter "AAA"). According to Signature, this violates the agreement and the award which AAA returned in Partners' favor should be vacated.

Partners, on the other hand, argue that proceeding with the AAA instead of PFS was appropriate because they raised no warranty claims, only contract claims. Because they raised no warranty claims, the requirement that PFS resolve the suit was not triggered. Thus, it appears that Signature argues that the arbitrators exceeded their powers under 9 U.S.C. § 10(a)(4) and decided a matter that should not have been a subject of arbitration. The law provides that:

> Arbitration under the Act is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. By contractually restricting the issue they will arbitrate, the individuals with whom they will arbitrate, and the arbitration procedures that will govern, parties to an arbitration agreement may place limits upon the arbitrator's powers that are enforceable by the courts.

Sutter v. Oxford Health Plans LLC, 675 F.3d 215, 219 (3d Cir. 2012).

Partners' position is that they renounced all warranty claims and sought merely a claim for breach of contract before the arbitrators. Signature argues that Partners' claim was in fact a warranty claim and should not have been arbitrated. Thus, the issue before the court is whether the claims raised by Partners were warranty claims or breach of contract claims. After a careful review, we agree with Partners.

In support of its position that this matter involves a warranty claim, Signature presents correspondence from Partners which indicates that Signature rejected the units as defective and as a breach of warranty. (Doc. 1-2, Signature Exh. 2, Correspondence from Partners' attorney to Signature at 70).

Signature, however, later abandoned the warranty claim and proceeded merely on the breach of contract claim. In the arbitration, Partners sought to be indemnified and made whole for damages resulting from Signature's use of Propylene Glycol ("PG") in the Chlorinated Polyvinyl Chloride (CPVC) in the fire suppression system in the units. (Doc. 1-1, Signature Ex. 2, Correspondence from Partners' attorney to Signature at 67-68). The manufacturer of the system expressly does not recommend the use of PG because it can cause cracking in the system thus creating safety risks. (Id.) The contract between Signature and Partners provided that Signature comply with the National Fire Protection

Association ("NFPA"). The NFPA prohibits the use of Glycol. Signature used

Glycol thus Partners alleged that Signature breached the contract. (Id.)

The Partners' "Supplemental Arbitration Demand" specifically expressly

disclaimed warranty claims. Under the heading "**No Breach of Warranty Claim**

**at this Time**" (emphasis in the original), Partners stated: "[a]t this time,

[Partners] make no claim for breach of warranty. Pursuant to Section 15 of the

Contract, the warranty period has not commenced. Any breach of warranty

claims brought at this time would thus be premature. . . . [Partners] reserve their

right to bring a claim for breach of warranty in the future." (Partner's Exh. C, Doc.

11-1 at 6-7). Additionally, during a conference of the parties and arbitrator,

Partners "acknowledged that the Contract's warranty time period had not yet

been triggered and further, that no claim for breach of warranty was currently

before the AAA. [Partners] further stated that it was not seeking damages for

breach of warranty." (Doc. 11-1, Partners' Exh. B, Report of Conference, ¶ 1d).

It is evident, therefore, that the matter before the arbitrator was a breach of

contract not a warranty claim, and Signature's petition lacks merit. Moreover, it

appears that this issue, whether the matter was arbitrable, was discussed by the

parties before the arbitrator and the parties agreed that the arbitrator had the

authority to decide whether the claim was arbitrable. (Doc. 11-1, Partners' Exh.

B, Report of Conference, ¶ 1d). After hearing oral argument on two separate

occasions, the arbitrator decided on August 22, 2017, that it did have jurisdiction over the claim. (Doc. 11-1, Partners' Exh. D, Decision of Arbitrator).

**Conclusion**

Thus, for all the reasons set forth above, we find that the petition to vacate the arbitrator's award should be denied. The cross-petition to confirm the arbitrator's award should be granted. An appropriate order follows.

**BY THE COURT:**

**Date: March 12, 2019**                    **s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**